McGREGOR W. SCOTT
United States Attorney
AUDREY B. HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

**FILED**

MAR 1 4 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>                    v.<br><br>KYUNG MIN KONG,<br>     aka "Big Andy,"<br>     aka "Big Boss,"<br><br><br><br>                          Defendant. | CASE NO. 2:19 - CR - 0 0 5 0 KJM<br><br>18 U.S.C. § 371 – Conspiracy; 18 U.S.C. § 1344 –<br>Bank Fraud; 18 U.S.C. § 1956(a)(1)(A)(i) – Money<br>Laundering; 18 U.S.C. § 1028A(a)(1)(A) –<br>Aggravated Identity Theft; 18 U.S.C. §§<br>981(a)(1)(C), 982(a)(1), 982(a)(2)(A), and<br>28 U.S.C. § 2461(c) – Criminal Forfeiture |

I N D I C T M E N T

COUNT ONE: [18 U.S.C. § 371 – Conspiracy]

The Grand Jury charges:

KYUNG MIN KONG,

defendant herein, as follows:

### I.      **THE CONSPIRACY**

1.      Beginning on or about March 15, 2014, and continuing through at least on or about March 20, 2018, in the State and Eastern District of California and elsewhere, KONG did knowingly combine, conspire, and agree with others known and unknown to the Grand Jury, to commit offenses against the United States of America, that is, bank fraud, in violation of Title 18, United States Code 1344, money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and aggravated identity theft, in

INDICTMENT                                                      1

1 | violation of 18 U.S.C. § 1028A(a)(1).

2 | **II.   MANNER AND MEANS**

3 | The manner and means of the conspiracy included the following:

4 | 2. KONG and his confederates attempted to and did perpetrate a nationwide bank account
5 | "bust out" scheme centered on kiting checks for the purpose of obtaining cash from financial
6 | institutions. As used herein, a "bust out" scheme is a method of extracting cash from bank accounts by
7 | depositing counterfeit and/or non-sufficient funds checks and then immediately drawing from the
8 | account through a variety of transactions, including withdrawing cash over the counter, withdrawing
9 | cash through an ATM, or using debit cards at points of sale. Once the fraudulent nature of the check is
10 | discovered and the check has been dishonored by the bank, the account has been "busted."

11 | 3. The scheme generally operated by repeating the following basic pattern:

12 | a. A participant in the scheme obtained a fraudulent Republic of Korea passport or
13 | other identity document. The passport was a real Republic of Korea passport
14 | belonging to a real person, but with the identification page altered with a new
15 | photograph and name.

16 | b. A participant in the scheme opened a mail box account using the fraudulent
17 | identity document for the purpose of providing the financial institution a local
18 | address for the account holder.

19 | c. A participant in the scheme opened an account at a financial institution, using the
20 | fraudulent identity document. The account was opened with a small amount of
21 | cash, typically $100 or less.

22 | d. The account was then left essentially dormant for a period of typically one to six
23 | months to "age" the account. Aging the account allowed for any bank restrictions
24 | on newly-opened accounts to expire. A participant in the scheme might conduct
25 | small, infrequent account transactions during this time to facilitate the aging
26 | process.

27 | e. Banks would typically allow a holder of an aged account to deposit a check and
28 | make withdrawals against that check before the check had actually cleared

INDICTMENT

2

1   through the bank against which the check had been drawn.  After aging the

2   account, a participant in the scheme would enter a branch of the bank and attempt

3   one of the following transactions:  (1) cash a third-party non-sufficient funds

4   check or counterfeit check drawn on another financial institution; (2) deposit a

5   third-party non-sufficient funds check or counterfeit check drawn on another

6   financial institution and receive a portion back in cash; or (3) deposit a third-party

7   non-sufficient funds check or counterfeit check drawn on another financial

8   institution.

9   f.   If the check was successfully deposited, a participant in the scheme would attempt

10   to access the funds through over-the-counter withdrawals, ATM withdrawals, and

11   point-of-sale transactions until the fraudulent nature of the checks was discovered

12   by the financial institution and the account was frozen or closed.

13   g.   On occasion, for the purpose of promoting the bank fraud scheme, a participant

14   would access the funds in the victim bank account via the purchase of a money

15   order.  Knowing that the funds used to purchase the money order were the

16   proceeds of the bank fraud scheme, a participant in the scheme would deposit or

17   cause to be deposited the money order into another bank account associated with

18   the scheme for the purpose of freshening the account or otherwise attempting to

19   cause the account to appear to be a bank account used for legitimate purposes.

20   h.   Once the banks account was busted, participants in the scheme then moved on to

21   another geographic location to continue the scheme.

22   4.   At all times relevant to the indictment, the following entities were financial institutions as

23   defined in 18 U.S.C. § 20, were members of the Federal Deposit Insurance Corporation ("FDIC"), their

24   deposits were insured by the FDIC, and they conducted banking business in interstate commerce:  Wells

25   Fargo Bank, JPMorgan Chase Bank, Bank of America, El Dorado Savings Bank, Citibank, Hanmi Bank,

26   Bancorp Bank, Key Bank, Umpqua Bank, Bank of the West, Shinhan Bank, Hanin Federal Credit

27   Union, Zions, First Utah Bank, TCF National Bank, First Bank, Centennial Bank & Trust, 1st Bank,

28   UMB Bank, One West Bank, BBVA Compass Bank, BMO Harris Bank, Academy Bank, Open Bank,

1  Regions Bank, Bank of Commerce, Bank of Albuquerque, Banner Bank, Capitol One Bank, Charles

2  Schwab Bank, County Bank, East West Bank, First Federal Savings, Home Street Bank, Mission

3  Federal Credit Union, Pacific City Bank, Iberia Bank, Union Bank, Wilshire State Bank and Mountain

4  West Bank.

5                              **III.    OVERT ACTS**

6          In furtherance of the conspiracy and to accomplish its objects, KONG and others known and

7  unknown to the Grand Jury, committed and caused to be committed the following overt acts, among

8  others, within the Eastern District of California and elsewhere:

9          5.     On or about July 5, 2016, a member of the conspiracy opened Wells Fargo Bank account

10  #xxxx7130 in the name of Person 1, using a fraudulent Republic of Korea passport bearing the

11  photograph of Person 2.  This account was opened as part of the scheme and eventually busted out with

12  a loss to Wells Fargo Bank of approximately $7,991.

13         6.     On or about October 23, 2016, at 5:29 a.m., KONG deposited a check at a Wells Fargo

14  Bank ATM located on Wilshire Boulevard in Los Angeles, California into account #xxxxx7130.  The

15  check was in the amount of $996, payable to Person 1, and drawn on 1st Bank account #xxxx7365, held

16  in the name of Person 3.  The check KONG deposited was a non-sufficient funds check, meaning there

17  was not $996 available in the account to cover the amount of the check KONG deposited.

18         7.     Just prior to the deposit of the non-sufficient funds check, on or about October 23, 2016,

19  at 5:28 a.m., KONG withdrew $300 in cash from account #xxxx7130 from the same ATM located on

20  Wilshire Boulevard in Los Angeles, California.

21         8.     One day prior to the Wilshire Boulevard ATM transaction, on or about October 22, 2016,

22  at 4:52 a.m., KONG withdrew $300 from Wells Fargo Bank account #xxxxx5997 from an ATM located

23  in Los Angeles, California. This account was opened using a fraudulent Republic of Korea passport, and

24  busted-out with a loss to Wells Fargo Bank of approximately $7,916.

25         9.     On or about May 24, 2017, KONG provided to Person 4 a fraudulent Republic of Korea

26  passport in the name of Person 5 for the purpose of opening (1) a private mail box in Granite Bay,

27  California, in the State and Eastern District of California; and (2) a bank account at the El Dorado

28  Savings Bank in Folsom, California.  KONG knew that the Republic of Korea passport contained a

1  picture of Person 4, the name of Person 5, and was made for the purpose of opening bank accounts in
2  false names.

3  COUNT TWO: [18 U.S.C. § 1344 – Bank Fraud]

4      The Grand Jury further charges:

5                        KYUNG MIN KONG,

6  defendant herein, as follows:

7          **I.**      **SCHEME AND ARTIFICE TO DEFRAUD**

8      At all times relevant to this Indictment:

9      1.     Beginning at least on or about March 4, 2014, and continuing through at least on or about
10  March 20, 2018, in the County of Sacramento, State and Eastern District of California, and elsewhere,
11  defendant KYUNG MIN KONG, and others known and unknown to the Grand Jury, did knowingly, and
12  with intent to defraud, execute and attempt to execute a material scheme and artifice to defraud and
13  obtain funds by means of material false and fraudulent pretenses and representations, from federally
14  insured financial institutions, to wit: Wells Fargo Bank, JPMorgan Chase Bank, Bank of America, El
15  Dorado Savings Bank, Citibank, Hanmi Bank, Bancorp Bank, Key Bank, Umpqua Bank, Bank of the
16  West, Shinhan Bank, Hanin Federal Credit Union, Zions, First Utah Bank, TCF National Bank, First
17  Bank, Centennial Bank & Trust, 1st Bank, UMB Bank, One West Bank, BBVA Compass Bank, BMO
18  Harris Bank, Academy Bank, Open Bank, Regions Bank, Bank of Commerce, Bank of Albuquerque,
19  Banner Bank, Capitol One Bank, Charles Schwab Bank, County Bank, East West Bank, First Federal
20  Savings, Home Street Bank, Mission Federal Credit Union, Pacific City Bank, Iberia Bank, Union Bank,
21  Wilshire State Bank and Mountain West Bank.

22      2.     The object of the scheme to defraud was to obtain money from financial institutions.

23          **II.**      **EXECUTION OF THE SCHEME TO DEFRAUD**

24      3.     KONG and other co-schemers known and unknown to the Grand Jury employed a "bust
25  out" scheme carried out as alleged in Paragraphs 2 through 4 of Count 1, incorporated herein.

26      4.     The participants in the scheme executed the scheme to defraud on a nationwide scale,
27  with KONG's participation occurring between at least on or about January 4, 2014 and March 20, 2018.
28  Each bank bust-out was planned and organized via the careful consideration of the geographic location

of the targeted banks, the length of time needed to season the bank accounts, the number and nature of the deposits needed to season the bank accounts, the availability of identification documents needed to facilitate the scheme, the number of participants needed to carry out the scheme in each geographic location, the timing of the bust-out, the dollar amounts to seek in a bust-out, the obtainment of money orders to promote the scheme, and the selection of the next geographic location for the next incidence of the scheme.

5.     KONG served the scheme in a managerial role, supplying participants in the scheme, including Person 4, with fraudulent Republic of Korea passports or other false identification documents for the purpose of opening mail boxes and bank accounts in a particular geographic location.

6.     KONG maintained and collected these identity documents after each use, understanding their finite number and the need to reuse the identity documents multiple times over the course of the scheme.

7.     In the bust-out phase of the scheme, KONG drove participants in the scheme from bank to bank, avoiding entering banks himself because he understood the risk of being caught with fraudulent identity documents.  KONG instructed participants in the scheme to deposit non-sufficient funds checks into the victim bank accounts, directing the participants to obtain a certain amount of cash back. Participants in the scheme were directed to give the cash to KONG.

## III.     SPECIFIC ACTS IN FURTHERANCE OF THE SCHEME

In furtherance of the bank fraud scheme and to accomplish its objects, KONG and others known and unknown to the Grand Jury, committed and caused to be committed the following specific acts, among others, within the Eastern District of California and elsewhere:

8.     On or about May 24, 2017, KONG directed Person 4 to rent a mail box from Granite Bay Postal, in Granite Bay, California, for a three-month term using a fraudulent Republic of Korea passport in the name of Person 5.

9.     The day after renting the mail box, on or about May 25, 2017, KONG directed Person 4 to open checking account xxxx6843 with $100 at a branch of El Dorado Savings Bank in Folsom, California, in the name of Person 5.  At KONG's direction, Person 4 used the mailing address at the Granite Bay mail box to open the account.  To open the checking account, Person 4 presented the same

1   fraudulent passport used to open the mail box that he was given by KONG. The checks associated with

2   the new checking account were mailed to Person 4 at the Granite Bay mail box. Out of the El Dorado

3   Savings Bank checking account, approximately 67 checks were presented for payment against the

4   checking account in amounts between $992 and $2,998 for a total of $131,796. All of the checks

5   eventually returned unpaid, as there was only approximately $100 in the checking account to cover the

6   checks.

7   In violation of Title 18, United States Code, Section 1344.

8   COUNT THREE: [18 U.S.C. § 1956(a)(1)(A)(i) – Money Laundering]

9         The Grand Jury further charges T H A T:

10                          KYUNG MIN KONG,

11  defendant herein, as follows:

12        1.      Paragraph 4 of Count 1 is re-alleged herein.

13        2.      On or about May 26, 2017, in the State and Eastern District of California, KONG

14  directed Person 4 to purchase a postal money order in the amount of $995 from a Post Office in

15  Carmichael, California, using a debit card connected to Wells Fargo account number xxxxxx9875, held

16  in the name of another participant in the scheme. KONG knew that the purchase of this money order

17  was an act in furtherance of the bank fraud scheme.

18        3.      On or about May 29, 2017, KONG, knowing that the property represented the proceeds

19  of some form of illegal activity, directed Person 4 to conduct and attempt to conduct a financial

20  transaction that involved the proceeds of bank fraud, with the intent to promote the carrying on of bank

21  fraud, when a participant in the scheme then deposited the $995 money order into a different Wells

22  Fargo Bank account, for the purpose of aging or freshening that bank account and giving it the

23  appearance of a bank account used for legitimate purposes, all in violation of Title 18, Section

24  1956(a)(1)(A)(i).

25  ///

26  ///

27  ///

28  ///

INDICTMENT                                    7

1    COUNT FOUR: [18 U.S.C. § 1028A(a)(1)(A) – Aggravated Identity Theft]

2        The Grand Jury further charges T H A T:

3                              KYUNG MIN KONG,

4    defendant herein, on or about May 25, 2017, in the State and Eastern District of California, during and in

5    relation to a felony violation of Title 18, United States Code, Section 1344, Bank Fraud, did knowingly

6    direct Person 4 to use without lawful authority a means of identification of another person, to wit, a

7    social security card belonging to Person 5, all in violation of Title 18, Section 1028A(a)(1).

8    FORFEITURE ALLEGATION: [18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(a)(2)(A), and 28 U.S.C. §
                              2461(c) – Criminal Forfeiture]
9

10       1.    Upon conviction of the offense alleged in Count One of this Indictment, defendant

11   KYUNG MIN KONG shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28

12   U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable

13   to such violations, including but not limited to the following:

14       a.    A sum of money equal to the total amount of proceeds traceable to such offense,

15   for which defendant is convicted.

16       2.    Upon conviction of the offense alleged in Count Two of this Indictment, defendant

17   KYUNG MIN KONG shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(2)(A), any

18   property constituting or derived from proceeds obtained directly or indirectly, as a result of said

19   violation, including but not limited to the following:

20       a.    A sum of money equal to the amount of proceeds obtained directly or indirectly,

21   as a result of such offense, for which defendant is convicted.

22       3.    Upon conviction of the offense alleged in Count Three of this Indictment, defendant

23   KYUNG MIN KONG shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1), all property,

24   real or personal, involved in such violation, and any property traceable to such property, including but

25   not limited to the following:

26       a.    A sum of money equal to the amount of money involved in the offense, for which

27   defendant is convicted.

28       4.    If any property subject to forfeiture, as a result of the offenses alleged in Counts One

INDICTMENT                                    8

1   through Three of this Indictment, for which defendant is convicted:

2           a.      cannot be located upon the exercise of due diligence;

3           b.      has been transferred or sold to, or deposited with, a third party;

4           c.      has been placed beyond the jurisdiction of the court;

5           d.      has been substantially diminished in value; or

6           e.      has been commingled with other property which cannot be divided without

7                   difficulty;

8   it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c),

9   incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendant, up to the value

10  of the property subject to forfeiture.

11                                                  A TRUE BILL.

12

13                                                  /s/ Signature on file w/AUSA

14  _____                      _____

15  MCGREGOR W. SCOTT                               FOREPERSON

16  United States Attorney

17

18

19

20

21

22

23

24

25

26

27

28

No. **2:** 1 9 - CR - 0 0 5 0 KJM
_ _ _ _ _ _ _ _ _ _

---

## UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

### THE UNITED STATES OF AMERICA
*vs.*

KYUNG MIN KONG,
aka "Big Andy,"
aka "Big Boss,"

---

## I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 371 – Conspiracy; 18 U.S.C. § 1344 – Bank Fraud;
18 U.S.C. § 1956(a)(1)(A)(i) – Money Laundering;
18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft;
18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982 (a)(2)(A),
and 28 U.S.C. § 2461(c) – Criminal Forfeiture

---

*A true bill,*

## /s/ Signature on file w/AUSA
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
*Foreman.*

*Filed in open court this* _ _ _ _ 1 4 _ _ _ _ _ _ _ _ *day*

*of* _ _ _ MARCH _ _ _ _ _ _ *, A.D. 20* _ 1 9 _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ NO BAIL WARRANT _ _
*Clerk.*

*Bail, $* _ _ _ _ _ _ _ _ _ _ _ _

GPO 863 525

2:19 - CR - 0050 KJM

**United States v. Kyung Min Kong**
**Penalties for Indictment**

**Defendant**
**KYUNG MIN KONG**

**COUNT 1:**

VIOLATION:        18 U.S.C. § 371 – Conspiracy

PENALTIES:        5 Years Imprisonment;
Not more than $250,000 fine;
3 Years TSR

**COUNT 2:**

VIOLATION:        18 U.S.C. § 1344 – Bank Fraud

PENALTIES:        30 Years Imprisonment;
Not more than $1,000,000 fine;
5 Years TSR

**COUNT 3:**

VIOLATION:        18 U.S.C. § 1956(a)(1)(A)(i) – Money Laundering

PENALTIES:        20 Years Imprisonment;
Not more than $500,000 fine;
5 Years TSR

**COUNT 4:**

VIOLATION:        18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft

PENALTIES:        Mandatory consecutive 2 years in prison;
Not more than $250,000 fine;
1 Year TSR

**FORFEITURE ALLEGATION:**

VIOLATION:        18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(a)(2)(A), and 28 U.S.C. §
2461(c) – Criminal  Forfeiture

PENALTIES:        As stated in the charging document