McGREGOR W. SCOTT
United States Attorney
AUDREY B. HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>KYUNG MIN KONG,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:19-CR-50 MCE<br><br>STIPULATION AND ORDER RESETTING STATUS CONFERENCE |
|---|---|

　　　This matter was previously set for status conference on May 28, 2020 before the Hon. Morrison C. England, Jr., and time excluded through that date. The parties now request that the matter be reset to June 18, 2020 and that time be excluded through that date. Discovery in this matter is voluminous, consisting of bank records and audio recordings, that defense counsel will need time to review. Accordingly, the parties stipulate to an exclusion of time pursuant to 18 U.S.C. §3161 (h)(7)(A) and (B)(iv)[reasonable time to prepare] and General Order 479, Local Code T4 based upon continuity of counsel and defense preparation. Additionally, on April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19. In accordance with those General Orders, the parties now stipulate as follows:

1. By previous order, this matter was set for status on May 28, 2020.

2. By this stipulation, defendant now moves to exclude time between May 28, 2020, and June 18, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) Voluminous discovery is associated with this case, including bank records, audio recordings, and photographs, comprising more than 24,000 pages of material. Mr. Kong's first language is Korean. He has proficient English language skills, but frequently requires the assistance of a Korean language interpreter.

   b) Counsel for defendant desires additional time to discuss potential resolution with his client, to review discovery, and to consult with his client.

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 28, 2020 to June 18, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  May 26, 2020                                          Respectfully submitted,

                                                              McGREGOR W. SCOTT
                                                              United States Attorney

                                              By:      /s/  Audrey B, Hemesath
                                                              AUDREY B. HEMESATH
                                                              Assistant U.S. Attorney


                                              By:      /s/ Todd Leras
                                                              TODD LERAS
                                                              Counsel for KYUNG MIN KONG


## ORDER

The Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. It specifically finds the failure to grant a continuance in this case would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court further finds the ends of justice are served by granting the requested continuance and outweigh the best interests of the public and defendant in a speedy trial.  Time from the date the parties stipulated, up to and including June 18, 2020, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and(B)(iv) [reasonable time for counsel to prepare] and General Order 479, (Local Code T4).

   IT IS SO ORDERED.

Dated:  May 29, 2020

                                                              MORRISON C. ENGLAND, JR
                                                              UNITED STATES DISTRICT JUDGE